IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AGUSTIN ZAMUDIO,<br>BOP ID # 65980-019,<br><br>    Plaintiff,<br><br>v.<br><br>J. HASKINS, Nurse, DAVID EKWUNIFE, and NURSE JANE DOE,<br><br>    Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION FILE NO.<br>1:17-5335-WSD-JSA |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, currently confined in the Federal Medical Center in Lexington, Kentucky, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 9). Plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915A.

I.    <u>28 U.S.C. § 1915A Frivolity Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either

in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

II.  Discussion

   A.  Plaintiff's Claims

Plaintiff names as defendants Dr. David Ekwunife and nurses J. Haskins and Jane Doe. Plaintiff claims that he was housed at the RDDC as a federal pretrial detainee from May 8, 2014, until August 8, 2014, and again from March 5, 2015, until April 30, 2015. On July 16, 2014, Plaintiff injured his shoulder. Plaintiff requested medical care for this injury and later that day, he was treated for a muscle injury with motrin and a muscle rub. When his pain was not alleviated, Plaintiff requested medical treatment again. Dr. Edwunife prescribed motrin for 14 days.

On July 21, 2014, Plaintiff complained to Defendants Haskins and Doe of an aggravation of an old injury to his foot. His heel was painful, warm to the touch, swollen and inflamed. On July 23, 2014, a wheelchair was issued to Plaintiff because he could not walk. Plaintiff was given motrin, tylenol, and an ace bandage

wrap. Plaintiff requested that he be taken to a hospital for treatment, but was refused.

Plaintiff continued to complain of pain and requested to see a doctor from July 25, 2014, through July 29, 2014. Plaintiff states that during that time, he could not get out of bed, walk, lie on his right side, or eat. On July 29, 2014, Plaintiff's cell mates informed security staff that they believed Plaintiff was dying. Plaintiff was transported to a local hospital where a surgery was performed on his left heel and right shoulder. Plaintiff states that he had a severe infection.

From August 8, 2014, through March 5, 2015, Plaintiff was housed and treated at a facility in Columbia, South Carolina. Plaintiff returned to RDDC on March 5, 2015, and remained there until April 30, 2015. Plaintiff states that during this time, Defendants Haskins and Doe failed to clean and redress his wounds daily as directed by his doctor, but they provided him with gauze to redress the wounds himself. On April 30, 2015, Plaintiff was transferred to the McRae Correctional Facility in Helena, Georgia where he remained until February 22, 2016, when he was transferred to the Federal Medical Center in Lexington, Kentucky.

Plaintiff attempted to exhaust his administrative remedies at the RDDC by requesting grievance forms on July 22, 2014, in March 2015, and again on March 26, 2017. On June 19, 2017, having not received the requested forms, Plaintiff

submitted a grievance without the proper forms. On August 4, 2017, when no response had been provided, Plaintiff submitted an appeal. Plaintiff did not receive a response to his appeal. Plaintiff was not housed at RDDC when his grievance and appeal were filed.

Plaintiff executed his federal civil rights complaint on December 12, 2017. (Doc. 1 at 5). He submitted an amended complaint on March 12, 2017, asserting an Eighth Amendment claim for deliberate indifference to a medical need and a medical malpractice claim under Georgia law. He seeks $100,000 in compensatory damages and $200,000 in punitive damages. He also seeks injunctive and declaratory relief.

B.   Analysis

A two-year statute of limitations applies to medical malpractice and § 1983 claims arising out of events occurring in Georgia. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (noting that the statute of limitations for § 1983 claims in Georgia is two years); O.C.G.A. § 9-3-71(a) ("Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred."). "The statute of limitations on a section 1983 claim begins to run when the facts [that] would support a cause of action are apparent or should be

apparent to a person with a reasonably prudent regard for his rights." *Van Poyck v. McCollum,* 646 F.3d 865, 867 (11th Cir. 2011) (internal quotations omitted).

The injuries for which Plaintiff sought treatment occurred in July 2014. He further complains that he was provided inadequate medical treatment in March and April of 2015. Plaintiff's complaint, executed in December of 2017, was not filed within the two year statute of limitations. Plaintiff submits that the statute of limitations should be equitably tolled "during the Spring of 2015 and all during 2017," because he was seeking to exhaust his administrative remedies during that time. (Doc. 10 at 5).

"Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Combs v. Nelson*, 419 F. App'x 884, 886 (11th Cir. 2011) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). Federal courts generally refer to state law for tolling rules. *Wallace*, 549 U.S. at 395 (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989); *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484-86 (1980)). Plaintiff has not identified, and the undersigned has not found, a Georgia tolling rule that would make equitable tolling appropriate in this case.

While it is true that some federal courts have applied equitable tolling during the time that a prisoner seeks to exhaust administrative remedies in cases brought

5

pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see Rager v. Augustine*, No. 5:15cv35/MW/EMT, 2016 WL 7670070, at *7 (N.D. Fla. Nov. 29, 2016) (listing *Bivens* cases in which equitable tolling applied while administrative remedies were exhausted), Plaintiff has not shown that equitable tolling is appropriate here.

The exhaustion of administrative remedies is generally required in order to proceed with a § 1983 claim, but the PLRA only requires exhaustion of *available* remedies. "A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of [its] purpose.' Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available." *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015) (quoting *Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008)). If the jail refused to engage in the grievance process, or if the grievance process could not be completed because Plaintiff had been transferred to another facility, no administrative remedies were available to exhaust. *See Rager*, 2016 WL 7670070, at *9 (noting that prisoner plaintiff could have timely filed complaint despite potential argument that he had not properly exhausted administrative remedies). Thus, Plaintiff is asking the Court to

equitably toll the statute of limitations while he attempted to exhaust unavailable remedies.

Moreover, Plaintiff has not shown that he diligently pursued exhaustion of those unavailable remedies. Plaintiff merely requested grievance forms on three occasions over a period of nearly three years. Plaintiff has not shown that he could not have accomplished his final attempt at exhaustion (submitting a grievance and appeal on unapproved forms) well within the time to have allowed his complaint to be filed within the two-year statute of limitations. There is no indication that RDDC officials' failure to respond to his attempts at exhaustion caused his late filing. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2001) (requiring causal connection between alleged extraordinary circumstances and late filing of federal lawsuit for equitable tolling to apply). Rather, Plaintiff merely attempts to use their lack of response to excuse his delayed filing. Under these circumstances, equitable tolling is not appropriate and Plaintiff's claims are barred by the statute of limitations.[1]

---

[1] Georgia law does not require the exhaustion of administrative remedies to file a medical malpractice claim, making Plaintiff's argument in favor of equitable tolling particularly unconvincing with respect to this claim.

7

III.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims be **DISMISSED** as untimely, and for failure to state a claim upon which relief may be granted.  The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 19th day of April, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE